UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ANTONELLA MINTZ,

    Plaintiff,

v.

JON B. SAGE, P.A. d/b/a
SAGE LAW OFFICES, and
SOUTH BROWARD HOSPITAL DISTRICT
d/b/a MEMORIAL REGIONAL HOSPITAL

    Defendants.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendants are located in this District as well.

## PARTIES

3. Plaintiff, ANOTNELLA MINTZ, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, JON B. SAGE P.A. d/b/a SAGE LAW OFFICES, ("SAGE LAW OFFICES") is a corporation and its principal place of business is Suite 140, 1300 Sawgrass Corporate Parkway, Sunrise, FL 33323.

5. Defendant, SOUTH BROWARD HOSPITAL DISTRICT d/b/a MEMORIAL REGIONAL HOSPITAL ("MEMORIAL REGIONAL HOSPITAL") is a political subdivision of the State of Florida providing medical care to the residents of Broward County, located at 3501 Johnson Street, Hollywood, Florida 33021.

6. Defendant, MEMORIAL REGIONAL HOSPITAL, authorized Defendant, SAGE LAW OFFICES, to communicate with Plaintiff regarding the collection of a debt allegedly due the hospital.

7. Defendant, SAGE LAW OFFICES, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant, SAGE LAW OFFICES, regularly collects or attempts to collect debts for other parties.

9. Defendant, SAGE LAW OFFICES, is a "debt collector" as defined in the FDCPA.

10. Defendant, SAGE LAW OFFICES, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Defendants sought to collect from Plaintiff an alleged medical debt.

12. Defendant, MEMORIAL REGIONAL HOSPITAL, authorized Defendant, SAGE LAW OFFICES, to take action to collect the alleged debt and is liable for its agents actions.

13. Approximately September 2009, Defendant, MEMORIAL REGIONAL HOSPITAL, represented by SAGE LAW OFFICES filed a lawsuit against Plaintiff in an effort to collect the alleged debt in Broward County Court.

14. Shortly thereafter Plaintiff's counsel, Scott D. Owens, Esq., in the Broward County Court case, filed a notice of appearance and the parties, through their counsel, were involved in extensive litigation of the state court case thereafter.

15. On or about September 13, 2010 with trial in the state court case pending, Defendant, SAGE LAW OFFICES, sent directly to Plaintiff's home a letter personally addressed to her and not her counsel attempting to collect a debt that was the subject of the Broward County Court case.

16. On or about October 25, 2010, Defendant, SAGE LAW OFFICES, sent Plaintiff yet a second letter directly to Plaintiff attempting to collect the same debt.

17. At the time Defendant, SAGE LAW OFFICES, sent its September 13, 2010 and October 25, 2010 letters, it knew Plaintiff was represented by an attorney, Scott D. Owens, Esq., with respect to the alleged debt and it knew that trial was pending in the state court case.

18. Plaintiff's attorney in the state court case had not consented to Defendant's direct communication with Plaintiff.

19. Plaintiff's attorney had not failed to respond to any communication of Defendant within a reasonable amount of time.

20. No court had authorized Defendant's direct communication with Plaintiff.

21. At the time Defendant, SAGE LAW OFFICES, sent its September 13, 2010 and October 25, 2010 letters, Defendant knew the FDCPA prohibited it from communicating directly with Plaintiff.

22. If Defendant, SAGE LAW OFFICES, continues to communicate directly with Plaintiff, Plaintiff will be harmed in the future by the inability to avail herself to the representation of her counsel.

## COUNT I

## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

23. Plaintiff incorporates Paragraphs 1 through 22.

24. Defendant, SAGE LAW OFFICES, communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

25. MEMORAIL REGIONAL HOSPITAL is liable for the action of its attorney-agent.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72 (18)

26. Plaintiff incorporates Paragraphs 1 through 22.

27. Defendant, SAGE LAW OFFICES, communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72 (18).

28. MEMORAIL REGIONAL HOSPITAL is liable for the action of its attorney-agent.

29. The FCCPA provides for equitable relief including injunctive relief. <u>Berg v. Merchs. Ass'n Collection Div</u>., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit;

   c. declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

   d. permanently injoining Defendants from direct communication with Plaintiff while she is represented by counsel; and

   e. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By: s/ Donald A. Yarbrough
>    Donald A. Yarbrough, Esq.
>    Florida Bar No. 0158658